IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DANZAVIOUS DOLPHUS,

        Petitioner,

                            Civil Action No. 1:19CV151
v.                          Criminal Action No. 1:17CR68
                            (Judge Keeley)


UNITED STATES OF AMERICA,

        Respondent.

### MEMORANDUM OPINION AND ORDER GRANTING IN PART PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL

Pending before the Court is the petition filed pursuant to 28 U.S.C. § 2255 by Danzavious Dolphus ("Dolphus") seeking to vacate, set aside, or correct his sentence (Dkt. No. 39).[1] For the reasons that follow, the Court **GRANTS IN PART** that petition and **VACATES** Dolphus's judgment in his criminal case. The Court shall by separate order **ENTER** an amended judgment and **APPOINT** counsel for the sole purpose of assisting Dolphus in filing notice of his intent to appeal.

### I. Background

On December 5, 2017, Dolphus was charged with two counts of Aiding and Abetting the Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 ("Counts One and

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action No. 1:17CR68.

DOLPHUS v. UNITED STATES                    1:17CR68/1:19CV151

### MEMORANDUM OPINION AND ORDER GRANTING IN PART PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL

Two"), Distribution of Cocaine Base in the Proximity of a Protected Location, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860 ("Count Three"), and two counts of Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Counts Four and Five") (Dkt. No. 1). Pursuant to a plea agreement, he agreed to plead guilty to Count Five, stipulated that his total drug relevant conduct was between 700 and 1,000 kilograms of marijuana equivalent, and waived his right to appeal if his base offense level was a 28 or lower (Dkt. Nos. 27).

On August 16, 2018, the Court sentenced Dolphus to 84 months of imprisonment followed by 3 years of supervised release (Dkt. No. 36). Because his base offense level was a 28, the Court advised Dolphus that his appeal waiver was effective (Dkt. No. 50 at 28-29). Dolphus did not appeal, and his conviction became final on August 30, 2018.

On August 9, 2019, Dolphus filed the instant petition, contending that his counsel was ineffective because she (1) failed to object his relevant conduct calculation,[2] and (2) failed to

---

[2] The Court construes Dolphus's claim that his counsel failed to object to "ghost dope" allegations as a challenge to his relevant conduct calculation.

DOLPHUS v. UNITED STATES                          1:17CR68/1:19CV151

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN
CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL**

consult about or file a notice of appeal following his request to
do so (Dkt. No. 39 at 5, 40). On October 4, 2019, the Government
responded, disputing Dolphus's entitlement to relief (Dkt. No.
53). Dolphus's reply focused primarily on his counsel's failure to
file a notice of appeal (Dkt. No. 57).

## II. Applicable Law

Section 2255(a) permits a federal prisoner who is in custody
to assert the right to be released if (1) "the sentence was imposed
in violation of the Constitution or laws of the United States,"
(2) "the court was without jurisdiction to impose such sentence,"
or (3) "the sentence was in excess of the maximum authorized by
law, or is otherwise subject to collateral attack." 28 U.S.C.
§ 2255(a). A petitioner bears the burden of proving any of these
grounds by a preponderance of the evidence. See Miller v. United
States, 261 F.2d 546, 547 (4th Cir. 1958).

Where, as here, a petitioner alleges a claim of ineffective
assistance of counsel, the petitioner must establish, by a
preponderance of the evidence, that (1) his "counsel's performance
was deficient," and (2) "the deficient performance prejudiced the
defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The

3

DOLPHUS v. UNITED STATES                    1:17CR68/1:19CV151

### MEMORANDUM OPINION AND ORDER GRANTING IN PART PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL

petitioner must "satisfy both prongs, and a failure of proof on either prong ends the matter." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

To satisfy the first prong, a petitioner must demonstrate that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687–88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689, 2064. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

To satisfy the second prong, the petitioner must establish that his counsel's error was not harmless, but prejudicial to the outcome of the case. Id. at 694. When the petitioner has entered into a plea agreement, he "must show that there is a reasonable

DOLPHUS v. UNITED STATES                              1:17CR68/1:19CV151

MEMORANDUM OPINION AND ORDER GRANTING IN PART
PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN
CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### III. Discussion

Dolphus contends that his trial counsel was ineffective because she failed to consult about or file a notice of appeal as requested (Dkt. No. 39 at 5). The Government characterizes these allegations as "cursory and unsupported" (Dkt. No. 53 at 16). It contends that the affidavit of Dolphus's trial counsel confirms that Dolphus never requested that she appeal his case. Id. at 14-17.

"An attorney renders constitutionally ineffective assistance of counsel if [she] fails to follow [her] client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." United States v. Poindexter, 492 F.3d 263, 265 (4th Cir. 2007). When an instruction is not clear, counsel has a "duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are

5

**DOLPHUS v. UNITED STATES**                    **1:17CR68/1:19CV151**

<u>MEMORANDUM OPINION AND ORDER GRANTING IN PART
PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN
CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL</u>

nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 480 (2000). When "determining whether a rational defendant would have wanted to appeal, [the Fourth Circuit] consider[s] . . . whether the defendant's conviction followed a trial or a guilty plea; whether the defendant received the sentence bargained for as part of the plea; and whether the plea expressly reserved or waived some or all appeal rights." <u>United States v. Cooper</u>, 617 F.3d 307, 313 (4th Cir. 2010).

Here, Dolphus and his trial counsel dispute whether he "reasonably demonstrated to counsel that he was interested in appealing." <u>Flores-Ortega</u>, 528 U.S. at 480. Trial counsel asserts that she has no "recollection of [Dolphus] asking [her] to appeal" (Dkt. No. 53-3 at 1). And after thoroughly searching her text and call logs, her email, and Dolphus's client file, she failed to locate any request from Dolphus to appeal. <u>Id.</u> at 1-3. Notably, however, she did not have a call log for her office phone and did not retain every email from Dolphus. <u>Id.</u>

DOLPHUS v. UNITED STATES                    1:17CR68/1:19CV151

### MEMORANDUM OPINION AND ORDER GRANTING IN PART PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL

For his part, Dolphus contends he "asked about the possibility of post-conviction relief" "in a face-to-face conversation" (Dkt. No. 57 at 2). And he further recollects that, as part of that face-to-face conversation, he "mention[ed] and wanted to discuss further" "filing a notice of appeal." Id.

As part of his plea agreement, Dolphus waived his right "to appeal any order, the conviction[,] and any sentence that has a base offense level of twenty-eight (28) or lower" (Dkt. No. 27 at 4). Consequently, at sentencing, the Court advised him that

> pursuant to the terms of your Plea Agreement, you waived or gave up your right to appeal the sentence I've just imposed on you, if the base offense level was a 28 or lower, and, indeed, that was the base offense level. So I find that you've waived your right to appeal.

Id. at 28-29. Nevertheless, counsel's failure to file a notice of appeal may still constitute ineffective assistance. Poindexter, 492 F.3d at 265. Indeed, as the Court emphasized to Dolphus, "[i]f you have a ground for appeal that you think you did preserve, despite your broad waiver, you would need to file a notice in writing within 14 days following the entry of the judgment order" (Dkt. No. 27 at 29).

7

DOLPHUS v. UNITED STATES                    1:17CR68/1:19CV151

### MEMORANDUM OPINION AND ORDER GRANTING IN PART PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL

Following a careful review, the Court finds that the evidence on this issue is equally balanced. In the interest of justice, therefore, it will provide Dolphus with the benefit of the doubt. Even though his attorney kept detailed records, those records do not cover her office phone and certain emails. Moreover, Dolphus allegedly sought to further discuss an appeal in person, which may not have been memorialized in the type of records counsel retained. Finally, although his plea agreement contained a waiver of his right to appeal, that waiver did not completely eliminate counsel's responsibility to consult about or file an appeal. Poindexter, 492 F.3d at 265.

Accordingly, on balance, Dolphus "reasonably demonstrated to [his] counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. The failure of counsel to further consult with him about this matter therefore constituted ineffective assistance of counsel. Because the Court intends to extend the direct appeal period in this case, it is unnecessary to consider Dolphus's relevant conduct argument.

DOLPHUS v. UNITED STATES                     1:17CR68/1:19CV151

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN
CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL**

### IV. Conclusion

For the reasons discussed, the Court:

1. **GRANTS IN PART** Dolphus's § 2255 petition with respect to his claim that his counsel failed to consult about or file a notice of appeal;

2. **DISMISSES WITHOUT PREJUDICE** Dolphus's remaining claims;

3. **VACATES** Dolphus's judgment in his criminal case (Dkt. No. 36) and, by separate order, shall **ENTER** an amended judgment to permit Dolphus to notice his intent to file an appeal. See United States v. Glover, 363 F. App'x 989 (4th Cir. 2010); and

4. **APPOINTS** the Office of the Federal Public Defender for the Northern District of West Virginia for the sole purpose of filing a notice of intent to appeal on behalf of Dolphus. Id.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order, to transmit a copy of this Order, the separate judgment order, and the amended judgment order to Dolphus by certified mail, return receipt requested, and to the Federal Public Defender and

DOLPHUS v. UNITED STATES                          1:17CR68/1:19CV151

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN
CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL**

United States Attorney's Office by electronic means, and to strike

this case from the Court's active docket.

DATED: July 19, 2022

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE

10